UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:22-cv-00666-FDW-DSC

| | |
|---|---|
| DEMETRIOS MELETIOU, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| FLEETPRIDE, INC., ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Defendant Fleetpride, Inc.'s Motion to Dismiss, (Doc. No. 10), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Plaintiff Demetrios Meletiou Jr. responded to the instant motion, (Doc. No. 14); and Defendant replied. (Doc. No. 16). The motions are fully briefed and are ripe for review. Before considering Defendant's Motion to Dismiss, the Court *sua sponte* considers the issue of subject matter jurisdiction. By notice of removal, Defendant claims this Court has jurisdiction under diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) (Doc. No. 1–3, 4). For the reasons stated below, removal of this case on the basis of diversity of citizenship is improper. Pursuant to 28 U.S.C. § 1447(c), this case is REMANDED to the Mecklenburg County Civil Superior Division.

I. BACKGROUND

According to the Complaint, Plaintiff Demetrios Meletiou, Jr. is a resident of Mecklenburg County, North Carolina. (Doc. No. 1–2, p. 2). Defendant Fleetpride, Inc. is a company based in Texas and engaged in business in North Carolina. Id. Plaintiff originally filed his Complaint in the

1

Mecklenburg County Civil Superior Division seeking recovery for an alleged unauthorized purchase of $18,295.80 on his Bank of America credit line made at Defendant's location in Kingsport, Tennessee. Id. Plaintiff made demand to Defendant for reimbursement, which the Defendant subsequently refused. Id.

Plaintiff sued for direct and incidental damages based on four state law causes of action—conversion, negligence, unfair and deceptive trade practices ("UDPTA") as set forth in N.C. Gen. Stat. § 75–1.1 and unjust enrichment. Id. at 2–4. Defendant then filed a notice of removal to remove the matter to this Court. Defendant asserts jurisdiction based on diversity of citizenship and an amount in controversy exceeding $75,000 pursuant to 28 U.S.C. § 1332(a)(1). (Doc. No. 1–3, 4).

## II. STANDARD OF REVIEW

Courts must ensure jurisdiction is proper, and if there is doubt whether such jurisdiction exists, courts must "raise lack of subject-matter jurisdiction on its own motion," without regard to the parties' positions. Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); see also Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) (federal courts are independently obligated to determine whether subject-matter jurisdiction exists, "even when no party challenges it."). It is well-settled that lack of subject matter jurisdiction may be raised at any time by a litigant or the court *sua sponte*. Mansfield, C. & L. M. RY. CO. v. Swan, 111 U.S. 379, 384 (1884).

Further, 28 U.S.C. § 1447(c) provides, "[i]f at any time before final judgement it appears that the district court lacks subject matter jurisdiction the case shall be remanded." See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (where the court held "because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction" and remand whenever "federal jurisdiction is doubtful.")

Federal district courts retain original subject matter jurisdiction when the complaint raises a federal question under 28 U.S.C. § 1331 or the requirements for amount in controversy and diversity of citizenship are met under 28 U.S.C. § 1332. When subject matter jurisdiction is based on diversity of citizenship, "no plaintiff may be a citizen of the same state as any defendant, and the amount in controversy must exceed $ 75,000, exclusive of interest and costs." Elliott v. Am. States Ins. Co., 883 F.3d 384, 394 (4th Cir. 2018) (citing 28 U.S.C. § 1332(a)(1)). Plaintiff's complaint controls the amount in controversy to comply with diversity jurisdiction. Muhtaseb v. Alzayat, 2022 WL 4591806, at *2 (W.D.N.C. Sept. 29, 2022) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)). The party asserting subject matter jurisdiction based on diversity must prove the amount in controversy requirement by a preponderance of the evidence. L. Offs. of Michele A. Ledo, PLLC v. BellSouth Advert. & Publ'g Corp., 2008 WL 11429808, at *2 (E.D.N.C. Mar. 27, 2008).

Additionally, a defendant may also remove "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction," according to 28 U.S.C. § 1441(a). "The party seeking removal bears the burden of establishing federal subject matter jurisdiction." Jones v. Wells Fargo Co., 671 F. App'x 153, 154 (4th Cir. 2016).

### III. ANALYSIS

In the notice of removal, Defendant asserts this Court has subject matter jurisdiction solely on the basis of diversity of citizenship. Defendant argues the amount in controversy calculation includes treble damages and attorney's fees and therefore satisfies the proper amount in controversy requirement. However, the Court disagrees.

For purposes of diversity of citizenship, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state

3

where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Individuals are citizens where they are "legally domiciled." Sun Printing & Publ'g Ass'n v. Edwards, 194 U.S. 377, 382 (1904). Plaintiff's complaint lists Defendant as a Texas based corporation and Plaintiff as a North Carolina resident, which is undisputed in the filings. The Court therefore presumes without deciding complete diversity between the parties is sufficient for purposes of subject matter jurisdiction on the basis of diversity of citizenship.

Under the presumption of diversity of citizenship between the parties, the analysis turns to whether Defendant meets its burden of establishing that the amount in controversy exceeds $75,000, exclusive of interest and costs. Under 28 U.S.C. § 1446(c)(2), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." If the complaint does not allege a specific number of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$ 75,000]." Mortg. Guar. Ins. Corp. v. Rivera, 2019 WL 2273754, at *3 (W.D.N.C. May 28, 2019) (quoting De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)).

Moreover, the amount in controversy is determined at the time of removal and includes treble damages when allowed by statute. Quality Labels & Packaging, Inc. v. Wells Fargo Bank, N.A., 2019 WL 2992219, at *2–3 (M.D.N.C. July 9, 2019). Further, "where the total amount in controversy is not readily apparent from the face of the complaint, the district court should independently determine the reasonable value of the claims." Id. at *3. Courts should use "experience and common sense" to determine the reasonable value. See Francis v. Allstate Ins. Co., 709 F.3d 362, 368 (4th Cir. 2013), cert. denied, 134 S. Ct. 986 (2014).

Generally, attorneys' fees are not included in the amount in controversy calculation, but courts created two exceptions: "(1) if the fees are provided for by contract; or (2) if a statute

4

mandates or allows payment of attorney's fees." 15–102 Moore's Federal Practice, Civil § 102.106(6)(a). Specifically, the United States Supreme Court has long held these attorneys' fees "became part of the matter put in controversy by the complaint, and [are] not mere 'costs' excluded from the reckoning by the jurisdictional and removal statutes." Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933); see also Cole v. Wells Fargo Bank, N.A., 2016 WL 737943, at *4 (W.D.N.C. Feb. 23, 2016) (finding "courts may consider a reasonable estimate for attorneys' fees when such fees are provided for by statute.").

Here, Plaintiff's complaint seeks treble damages and attorneys' fees combined with $18,295.80 in compensatory damages pursuant to the UDTPA. (Doc. No. 1–2, p. 3). Treble damages are discretionary and may be awarded against a defendant if the fact finder determines defendant "willfully engaged in the [unfair or deceptive] act or practice, and there was an unwarranted refusal by [the defendant] to fully resolve the matter." N.C. Gen. Stat. § 75–16.1(1). In its notice of removal, Defendant avers trebled damages combined with attorneys' fees, exceeds the $75,000 amount in controversy. (Doc. No. 1–4, p. 3). To reach this conclusion, Defendant trebled the compensatory damages and calculated necessary attorneys' fees of approximately $21,000 or more to meet the threshold; however, the Court is unpersuaded as to the estimated attorneys' fees based on the record before the Court.

To begin, the Court examines several similarly situated cases to analyze for reasonable attorneys' fees. In Capstone Elder Plan. Grp., Inc. v. Midland Nat. Life Ins. Co., the plaintiff sought $15,686.80 treble damages under the same N.C. Gen. Stat. § 75–1.1 as the case at bar. 2009 WL 21512, at *2 (E.D.N.C. Jan. 2, 2009). The court held "even if this amount was trebled according to North Carolina's UDTPA, it would not satisfy the amount in controversy without speculation of attorneys fees upwards of $27,000." Id. The court was "unwilling to make a guess as to whether

5

Case 3:22-cv-00666-FDW-DSC   Document 17   Filed 03/10/23   Page 5 of 7

that amount would be proper" and appropriately remanded. Id. The facts in Capstone closely resemble those here, with only $15,686 in damages.

Similarly, the plaintiff in Shen v. Cap. One Bank (USA), Nat'l Ass'n sought $20,000 in damages and attorneys' fees, also under N.C. Gen. Stat. § 75–16.1. 2020 WL 108985, at *1 (M.D.N.C. Jan. 9, 2020). Defendant argued fees could exceed $15,000, whereas plaintiff's counsel contended "there is simply no way on God's Green Earth . . . because present counsel absolutely will not charge a client $15,000.00 to litigate what is basically a $20,000.00 claim." Id. at 3. Persuaded by the plaintiff's argument, the court found attorneys' fees "would almost certainly amount to less than $15,000" and consequently remanded. Id.; see also L. Offs. of Michele A. Ledo, PLLC v. BellSouth Advert. & Publ'g Corp., 2008 WL 11429808, at *2 (noting a rational plaintiff would not spend as much money as they hope to recover to litigate a purely economic loss). Both cases above were remanded because the attorneys' fees required to reach the amount in controversy jurisdictional requirement were unreasonable given the compensatory damages sought were under $20,000. These facts are analogous to the case at bar, therefore the reasonings of these cases are applicable here.

In sum, if treble damages are awarded with reasonable attorneys' fees then the total amount in controversy remains below the threshold amount required for federal diversity jurisdiction. Thus, Defendant has not established the amount in controversy exceeds the pivotal $75,000 threshold under 28 U.S.C. § 1332(a). Accordingly, this Court finds dismissal for lack of subject matter jurisdiction proper and remands this case to state court for further proceedings. This ruling is not a decision on the merits. Bradley v. Johnson & Johnson, 2012 WL 1957812, at *3 (E.D. Va. May 30, 2012), aff'd 478 F. App'x 759 (4th Cir. 2012).

Accordingly, the Court declines to address Defendant's Motion for Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion to Dismiss (Doc. No. 10) is DENIED as moot without prejudice and this case is REMANDED to the Mecklenburg County Civil Superior Division for lack of federal subject matter jurisdiction under 28 U.S.C. § 1332(a).

IT IS SO ORDERED.

Signed: March 9, 2023

_____
Frank D. Whitney
United States District Judge